IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jacqueline V. Hues and
Oulton A. Hues, Jr.,

    Plaintiffs,

  v.                            Case No. 2:15-cv-84

Federal Insurance Company,
et al.,

    Defendants.

OPINION AND ORDER

    This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., by plaintiffs Jacqueline V. Hues and Oulton A. Hues, Jr., against Federal Insurance Company ("Federal"). The Chubb Group of Insurance Companies ("Chubb"), also named as a defendant in the complaint, was voluntarily dismissed by plaintiffs. Federal is the claims administrator of the Battelle Memorial Institute Group Accident Insurance Plan ("the Plan"), an ERISA benefit plan. The Plan benefits are financed through the Voluntary Accident Insurance Program ("the Policy"), an insurance policy issued by Federal. Oulton A. Hues, Sr., was an employee of Battelle Memorial Institute ("Battelle"), and was a participant in the Plan and an insured person under the Policy. Jacqueline V. Hues, his wife, and Oulton A. Hues, Jr., his son, were named as beneficiaries under the Policy.

    Plaintiffs allege that on January 15, 2012, Oulton Hues, Sr., was killed when the small aircraft he was in, piloted by Robert Walker, crashed into Cape Cod Bay near Brewster, Massachusetts.

Plaintiffs filed a claim for benefits under the accidental death terms of the Policy, and Chubb provided them with a copy of the Policy. Complaint, ¶¶ 29, 31. While considering the claim, Chubb raised the issue of whether the aircraft pilot or crew member exclusion in the Policy applied. Under this exclusion, the Policy did not apply to the death of "an Insured Person riding as a passenger in ... any aircraft while acting or training as a pilot or crew member" with the exception of "any passengers who temporarily perform pilot or crew functions in a life threatening emergency." Complaint, ¶ 34; Doc. 1-1, p. 28. Plaintiffs provided information and argument disputing the application of the exclusion, contending that the deceased was acting as a certified flight instructor during the flight. Complaint, ¶¶ 35-36.

By letter dated November 27, 2015, Chubb advised plaintiffs that their claim for benefits was being denied. Doc. 1-4, p. 6. The letter noted that the Policy was a "part of Battelle Memorial Institute ERISA benefits plan[.]" Doc. 1-4, p. 6. The letter advised that the claim was being denied because Chubb had found that the deceased was acting as a licensed pilot or crew member during the flight. Doc. 1-4, pp. 7-8. Chubb stated that it was willing to review any additional information that was not previously provided, and asked that any such information be provided within sixty days. The letter also stated,

> [P]lease be advised since the coverage provided under the Policy is part of an ERISA plan benefit, you have the right to appeal our determination that no coverage is provided under the Policy for this claim. Under this process, you have 60 days from your receipt of this letter to advise Chubb that you are appealing this decision. At the time you submit any notice of appeal, you may also submit written comments, documents, records and other information relating to the claim.

2

\* \* \*

>Any information provided with a notice of appeal shall be considered without regard to whether the information was submitted or considered in conjunction with the initial claim. With respect to any appeal, the Plan Administrator, or its designees, may hold a hearing or otherwise ascertain such facts as it deems necessary and shall render a decision which shall be binding on both parties. In deciding the appeal, no deference will be given to the decision denying your claim and the appeal shall be decided by an individual who did not decide the initial claim and is not a subordinate of anyone that decided the initial claim. A decision on an appeal will be made within 45 days of receiving a notice of appeal and any additional information provided.

Doc. 1-4, p. 9.

Plaintiffs did not pursue an appeal under the terms of the Plan. They filed their complaint in the instant case on January 13, 2015, seeking a declaratory judgment determining their right to benefits under the policy, and the recovery of benefits due under the policy. See 29 U.S.C. §1132(a)(1)(B). This matter is now before the court on Federal's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted.

I. Standards Under Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). While the

complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. "[A] motion for dismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010).

In evaluating a motion to dismiss, the court may consider a document or instrument which is attached to the complaint, or which is referred to in the complaint and is central to the plaintiff's claim. Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997); see also Nixon v. Wilmington Trust Co., 543 F.3d 354, 357 (6th Cir. 2008)( court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims); Bassett

4

v. National Collegiate Athletic Ass'n 528 F.3d 426, 430 (6th Cir. 2008)(court may consider exhibits attached to complaint and motion to dismiss which are central to the claims).  Where the plaintiff fails to attach a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.  Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999); Weiner, 108 F.3d at 89. The court may also consider extrinsic materials which merely "fill in the contours and details" of a complaint.  Yeary v. Goodwill Indus-Knoxville, Inc., 107 F.3d 443, 445 (6th Cir. 1997).   Several exhibits, including the Policy, are attached to the complaint.  As plaintiffs have referred to the Plan in their complaint, defendant has attached a copy of the Summary Plan Description ("SPD") to its motion to dismiss.  See Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan, 555 U.S. 285, 304 (2009)(summary plan description is a plan document).

II. Exhaustion of Administrative Remedies

A. Requirement of Administrative Exhaustion

    Defendant argues that it is entitled to judgment because plaintiffs failed to exhaust their administrative remedies under the Plan.  Plaintiffs did not plead in their complaint that they exhausted their administrative remedies, nor do they dispute that they failed to file an appeal from the denial of their claim by defendant; rather, plaintiffs argue that their failure to do so should be excused.  ERISA's administrative scheme requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.  Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991).  The decision whether to

5

apply the exhaustion requirement is committed to the discretion of the district court. Costantino v. TRW, Inc., 13 F.3d 969, 974 (6th Cir. 1994). Exhaustion and review by plan administrators allows plan fiduciaries to efficiently manage their funds, to correct their errors, to interpret plan provisions, and to assemble a factual record which will assist the court in reviewing the fiduciaries' actions. Ravencraft v. UNUM Life Ins. Co. of America, 212 F.3d 341, 343 (6th Cir. 2000)(citing Makar v. Health Care Corp. of Mid-Atlantic, 872 F.2d 80, 83 (4th Cir. 1989)).

B. Estoppel

Plaintiffs argue that the defendant should be estopped from arguing for dismissal based on their failure to exhaust their appeal remedies under the Plan. The Plan SPD provides, "This administrative appeal process must be completed before you begin any legal action regarding your claim." Doc. 6-1, p. 29. Plaintiffs note that the decision letter stated that "since the coverage provided under the Policy is part of an ERISA plan benefit, you have the right to appeal our determination" and "you have 60 days from your receipt of this letter to advised Chubb that you are appealing this decision." Plaintiffs argue that the letter did not advise them that an appeal was required under the Plan as a prerequisite for seeking judicial review of the decision. However, it is well established in the Sixth Circuit that "permissive language in an administrative-review provision does not entitle a plaintiff to forego such administrative review and instead file suit in federal court." Hill v. Blue Cross and Blue Shield of Michigan, 409 F.3d 710, 721 (6th Cir. 2005); see also Baxter v. C.A. Muer Corp., 941 F.2d 451, 454 (6th Cir. 1991)("The

6

fact that permissive language was used in framing the administrative review provision makes no difference.").

Although plaintiffs made no allegations in their complaint about not having a copy of the SPD, they now argue that defendant should be estopped from requiring administrative exhaustion because defendant did not furnish them with a copy of the SPD. Only a plan administrator has the duty under ERISA to furnish plan materials such as the SPD. Gore v. El Paso Energy Corp. Long Term Disability Plan, 477 F.3d 833, 842-844 (6th Cir. 2007); see also 29 U.S.c. §1024(b)(4)("The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description[.]").  The plan administrator is "the person specifically so designated by the terms of the instrument under which the plan is operated."  29 U.S.C. §1002(16)(A).  The SPD identifies Battelle as the sponsor and administrator of the Plan. Doc. 6-1, p. 3.  Defendant, as the claims administrator, had no obligation to provide plan documents.

Even assuming that plaintiffs did not have a copy of the SPD, ignorance of a claim procedure does not defeat the exhaustion requirement. Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 133 n. 2 and 134 (2d Cir. 2001). In Meza v. General Battery Corp., 908 F.2d 1262 (5th Cir. 2000), the plaintiff argued that the failure to exhaust should be excused because he did not have the SPD and had no notice of the appeal procedures.  Id. at 1278.  The court held that plaintiffs seeking ERISA plan benefits are bound by the plan's administrative procedures and must use them even if they have no notice of what those procedures are.  Id. at 1279.  The court noted that the policies underlying the exhaustion requirement, including

7

upholding Congress' desire that ERISA trustees be responsible for their actions, not federal courts, and providing a sufficiently clear record of administrative action, require claimants, "at the very least, to make some effort to learn of the procedures applicable to them." Id.   See also Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps., 215 F.3d 475, 480 (5th Cir. 2000)(rejecting argument that exhaustion should be excused because plaintiff did not have the SPD; plaintiff had the duty to seek the necessary information, and he knew or should have known that the plan required him to file a claim).  This view is supported by the language of §1024(b)(4), which requires the plan administrator to furnish plan documents "upon written request of any participant or beneficiary[.]"

Here, the Policy states that it was issued for Battelle, identifies Battelle as the policyholder, and provides an address for Battelle.  Doc. 1-1, pp. 3-4.  The denial letter advised plaintiffs that the Policy was part of the Battelle ERISA benefits Plan.  Plaintiffs do not allege that defendant prevented them in any way from obtaining Plan documents from Battelle.  See McGowin v. ManPower Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004)(because plaintiff did not request benefit plan documents and had not shown that she was prevented from obtaining them, she could not assert that she was denied meaningful access).  The letter also advised plaintiffs that they had a right to appeal the denial of their claim "since the coverage provided under the Policy is part of an ERISA plan benefit[.]"  Plaintiffs have pleaded no facts showing why they could not have contacted Battelle for additional information concerning the Plan and the appeal procedures.  Even

8

assuming that plaintiffs did not have a copy of the SPD, plaintiffs have pleaded no facts showing why this precluded them from pursuing the administrative appeal remedies of which they were aware.

In their complaint, plaintiffs also note the Policy provision regarding arbitration. That provision states that the insurer, the insured or a beneficiary "may make a written demand for arbitration." Doc. 1-2, p. 17. In such a case, a panel of three arbitrators is convened to consider the claim. The Policy further states:

> Arbitration is not a pre-condition to commencement of an action at law or in equity by an Insured Person to recovery on the policy. An Insured Person may exercise his or her right to commence an action at law or in equity to recover on the policy at any time and does not have to wait until arbitration is completed."

Doc. 1-2, p. 17. Plaintiffs cite this provision as support for their belief that they did not have to exhaust their appeal rights under the Plan. However, the above provision refers exclusively to arbitration as a separate remedy, and contains no reference to the appeal procedures applicable in the event that the claims administrator denied the claim. Plaintiffs do not allege that they requested arbitration in this case.

The court finds that plaintiff's allegations regarding why they failed to pursue an administrative appeal are insufficient to excuse exhaustion of administrative remedies based on an estoppel theory.

C. Futility

Plaintiffs also contend that exhaustion of administrative remedies should be excused in this case because an appeal would have been futile. Failure to exhaust administrative remedies is

9

excused "'where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate.'"  Coomer v. Bethesda Hospital, Inc., 370 F.3d 499, 505 (6th Cir. 2004)(quoting Fallick v. Nationwide Mutual Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998)).  "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made."  Fallick, 162 F.3d at 419.  A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.  Coomer, 370 F.3d at 505.  The mere denial of the initial claim is not sufficient to show futility.  Evans v. Laborers' District Council and Contractors' Pension Fund of Ohio, 602 F.App'x 608, 616 (6th Cir. 2015).  Dismissal for failure to exhaust administrative remedies is warranted where plaintiff fails to allege any factual basis for the claim of futility.  See Coomer, 370 F.3d at 505; Weiner v. Klais & Co., Inc., 108 F.3d 86, 91 (6th Cir. 1997).

  The administrative futility doctrine has mainly been applied in two scenarios: (1) when the plaintiff's suit is directed to the legality of the plan, not to a mere interpretation of it; and (2) when the defendant lacks the authority to make the decision sought by plaintiff.  Dozier v. Sun Life Assurance Co. of Canada, 466 F.3d 532, 535 (6th Cir. 2006).  Futility has also been recognized where multiple claims are so similar that the denial of one claim which was exhausted forecloses eligibility for relief on the other, or demonstrates with certainty that the unexhausted claim will also be denied.  Id. at 535-36.  None of those circumstances is present in the instant case.

Plaintiffs allege that exhaustion should be excused because, although they took an active role in the investigation of the circumstances surrounding their claim, they possessed no additional information to furnish during the appeal process, and they were certain that the claim would be denied on appeal. Complaint, ¶ 45. Plaintiffs have cited no authority for the proposition that their active involvement in the investigation of their claim should excuse their failure to appeal. The fact that plaintiffs extensively participated in the claims process is not an unusual circumstance. Insurance policies, like the policy in the instant case, typically place the burden on the claimant to give the insurer proof of loss. See Doc. 1-2, p. 20. For example, in the case of disability claims, the claimant must usually take a proactive approach in securing and furnishing doctors' opinions, medical records and other documents to the claims administrator in order to obtain a disability finding. The fact that plaintiffs did all they could to provide the defendant with information during the claims process in this case does not demonstrate that an appeal would be futile.

Plaintiffs note language in the letter advising them that defendant would review "any additional information you may have that was not previously provided that you believe may impact our decision." Doc. 1-4, p. 9. Plaintiffs allege that they had no further information to provide for an appeal. However, the plaintiffs' right to appeal is discussed in a separate paragraph, and there is no language in that paragraph which requires the production of new information as a prerequisite for an appeal. In addition, defendant notes that plaintiffs have attached exhibits to

their complaint which were not provided to the claims administrator, including the May 23, 2013, final report of the National Transportation Safety Board ("NTSB"), issued six months after the denial of plaintiff's claim, and the affidavit of David B. Hooper, a certified flight instructor, dated January 9, 2015. At the very least, plaintiffs could have filed an appeal and urged the decision maker to wait for the issuance of the final NTSB report. Plaintiffs' conclusory allegations concerning their belief that an appeal would be denied are also insufficient to establish futility. See Malaney v. AT & T Umbrela Benefit Plan No. 1, No. 2:10-cv-401, 2010 WL 5136206 at *5-6 (S.D.Ohio Dec. 9, 2010); Barix Clinics of Ohio, Inc. v. Longaberger Family of Companies Group Medical Plan, 459 F.Supp.2d 617, 622 (S.D.Ohio 2005).

Regardless of whether new information could have been provided for an appeal, the fact that an appeal would be heard by a different decision maker also undercuts plaintiffs' futility argument. The decision letter advised plaintiffs that in an appeal, no deference would be given to the prior decision, and that the appeal would be decided by an individual who did not decide the initial claim and who was not a subordinate of anyone that decided the initial claim. Doc. 1-4, p. 9. Where an appeal will be heard by a different decision maker, courts have declined to hold that an appeal would be futile. See Laird v. Norton Healthcare, Inc., 442 F.App'x 194, 201 (6th Cir. 2011); Willard v. Ohio Operating Engineers Pension Plan, 942 F.Supp.2d 748, 755 (S.D.Ohio 2013); Simpson v. American Electric Power Service Corp., No. 2:05-cv-852, 2006 WL 2128937 at *3 (S.D.Ohio July 27, 2006).

Plaintiffs have failed to allege any factual basis for

futility in their complaint sufficient to excuse their failure to exhaust their administrative appeal remedies under the plan, see Coomer, 370 F.3d at 505, and have not shown that "a clear and positive indication of futility can be made." Fallick, 162 F.3d at 419. Plaintiffs' failure to exhaust administrative remedies cannot be excused under the futility doctrine.

D. Dismissal With or Without Prejudice

The court concludes that dismissal for failure to exhaust administrative remedies is warranted in this case. The remaining issue is whether this case should be dismissed with or without prejudice. The plaintiffs were informed on November 27, 2012, that they were required to file an appeal within sixty days of the denial of their claim, that is, by January 26, 2013. Plaintiffs filed their complaint in this case on January 13, 2015, almost two years past this deadline. The Sixth Circuit has noted that sixty days was a "reasonable time constraint imposed by the plan for administrative review" of the denial of a claim. See Garst v. Wal-Mart Stores, Inc., 30 F.App'x 585, 593 (6th Cir. 2002). The Sixth Circuit has also affirmed the dismissal with prejudice of an unexhausted ERISA claim. See Baxter, 941 F.2d at 454 n. 1. In Ravencraft, 212 F.3d at 344, the Sixth Circuit held that the district court should have exercised its discretion to dismiss without prejudice, citing Makar v. Health Care Corp. of Mid-Atlantic, 872 F.2d 80, 83 (4th Cir. 1989). However, in Gayle v. United Parcel Service, 401 F.3d 222, 230 (4th Cir. 2005), the Fourth Circuit clarified its previous decision in Makar, noting that dismissal without prejudice was appropriate whenever a claim can still be brought, as was the case in Makar, but that dismissal

with prejudice was required where the claimant's plan remedies were time-barred. See also Bird v. GTX, Inc., No. 2:08-cv-2852-JPM-cgc, 2010 WL 883738 at *4 (W.D.Tenn. March 5, 2010)(dismissing with prejudice where time for appeal under the plan had expired).

This court has concluded, based on the allegations in the complaint and related documents, that plaintiffs have failed to plead facts sufficient to show that they exhausted the administrative remedies provided by the Plan or that exhaustion should be excused, and that this case should be dismissed for failure to exhaust Plan remedies.  However, plan trustees have been known to waive time limits for pursuing an appeal.  See, e.g., Hammonds v. Aetna Life Ins. Co., No. 2:13-cv-310, 2015 WL 1299515 at *4 (S.D.Ohio March 23, 2015).  This court cannot say definitively that the claims administrator in this case would reject plaintiffs' reasons for not filing a timely appeal as opposed to waiving the time limits, and plaintiffs should have the opportunity to make those arguments to the administrator. Therefore, the court will dismiss this action without prejudice.

### III. Conclusion

In accordance with the foregoing, defendant's motion to dismiss for failure to exhaust administrative remedies (Doc. 6) is granted, and this action is dismissed without prejudice.

Date: October 16, 2015            s/James L. Graham
                                  James L. Graham
                                  United States District Judge